BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Andrew S. Friedman (to be admitted *pro hac vice*)
Wendy J. Harrison (CA SBN 151090)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Tel:  (602) 274-1100
Fax: (602) 274-1199
E-mail: afriedman@bffb.com
        wharrison@bffb.com

CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (CA SBN 90858)
Nance F. Becker (CA SBN 99292)
Dan Gildor (CA SBN 223027)
42 Miller Avenue
Mill Valley, California 94941
Tel:  (415) 381-5599
Fax:  (415) 381-5572
E: mail: mark@chavezgertler.com
        nance@chavezgertler.com
        dgildor@chavezgertler.com

*Attorneys for Plaintiffs*
*[Additional counsel appear on signature page.]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANA RAMIREZ, ISMAEL RAMIREZ AND JORGE SALAZAR, on behalf of themselves and all others similarly situated, ) | Case No. 08-cv-00369-TEH |
| ) | CLASS ACTION |
| Plaintiffs, ) | **JOINT RULE 26(f) REPORT AND CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. ) | |
| GREENPOINT MORTGAGE FUNDING, ) INC. ) | Judge:  Honorable Thelton E. Henderson |
| Defendant. ) | Date:     May 19, 2008 |
| ) | Time:     1:30 p.m. |
| ) | Location:  Ctrm. 12, 19th Floor |

On April 3, 2008, the parties, by and through their respective counsel of record, conferred and discussed the issues addressed in Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9.

Counsel hereby respectfully submit the following joint report reflecting the matters on which they agree and expressing their respective views concerning the issues on which they disagree.

**1.      Jurisdiction and Service.**

Plaintiffs contend that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' Amended Class Action Complaint asserts claims against Defendant GreenPoint Mortgage Funding, Inc. ("GreenPoint") for violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq*., and violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*.  Defendant does not contest the subject matter jurisdiction of this Court.

All parties have been served.

**2.      Facts.**

**A.      Plaintiffs' Factual Contentions.**

Plaintiffs Ana Ramirez, Ismael Ramirez and Jorge Salazar ("Plaintiffs") bring this proposed class action on behalf of themselves and all similarly situated minority borrowers alleging that Defendant  has engaged in disparate impact race discrimination in originating, funding, acquiring residential mortgage loans.  Plaintiffs each are members of a protected minority group, and each purchased a residential mortgage loan from Defendant within the time frame required by all statutes of limitation relevant herein.  Plaintiffs' Amended Class Action Complaint asserts two (2) Causes of Action: for violation of the Equal Credit Opportunity Act (15 U.S.C. §1691 *et seq.*) and for violation of the Fair Housing Act (42 U.S.C. §3601 *et seq.*).

Plaintiffs allege that Defendant engaged in unlawful racial discrimination by developing and implementing mortgage pricing policies and procedures that provide financial incentives to its authorized loan officers, mortgage brokers and correspondent lenders to make subjective decisions causing minority borrowers to pay higher interest rates, charges and other

costs than similarly situated white borrowers. Defendant's authorized loan officers, mortgage brokers and correspondent lenders are given discretion – and are actually encouraged – to increase interest rates and charge additional fees to certain borrowers. These policies result in minorities receiving home loans with higher fees, such as yield-spread premiums, as well as higher rates and costs and other terms (such as pre-payment penalties) that are more unfavorable than the loan terms received similarly situated non-minority borrowers. Thus, for example, when minority borrowers pay yield spread premiums on loans including pre-payment penalties, Defendant shares in additional income and profits generated by the premium as the borrower is locked into a higher interest rate. Defendant's systemic policies and procedures, which encourage subjective underwriting and pricing decisions, result in a pattern of discrimination against minorities. Defendant cannot justify these policies by business necessity, and the discriminatory outcome could be avoided through the use of alternative underwriting and pricing policies and procedures.

> **B.    Defendant's Factual Contentions.**

GreenPoint disputes Plaintiffs' factual contentions and will make a showing regarding the facts at the appropriate time.

> **3.    Legal Issues.**

> **By Plaintiffs:**

(1)    Whether Plaintiffs may maintain a class action pursuant to Federal Rule of Civil Procedure Rule 23, and, if so, the appropriate class period and scope of the purported class;

(2)    Whether Defendant's residential mortgage lending policies and procedures violate the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq*.;

(3)    Whether Defendant's residential mortgage lending policies and procedures violate the Fair Housing Act, 42 U.S.C. § 3601 *et seq*.;

(4)    Whether Defendant has any discriminatory underwriting, or credit pricing policies and/or whether Defendant's underwriting and pricing policies impose higher

1  rates and fees on minority mortgage borrowers than similarly situated non-minority mortgage

2  borrowers;

3          (6)      Whether Defendant engages in discriminatory practices, acts with

4  discriminatory intent and/or whether Defendant's lending policies and procedures have an

5  impermissible disparate impact on minority borrowers;

6          (9)      Whether Plaintiffs and the proposed class are entitled to injunctive relief,

7  monetary relief, other equitable relief, costs of suit, attorneys' fees and/or punitive damages.

8       **By Defendant:**

9       As noted above, GreenPoint has filed a motion to dismiss pursuant to Federal Rule of

10  Civil Procedure 12(b)(6) for failure to state a claim.  This motion raises various legal issues

11  regarding the viability of Plaintiffs' claims, and GreenPoint refers the Court thereto.

12       Even if the Court denies GreenPoint's motion to dismiss in whole or in part, significant

13  legal issues remain which call into question the viability of Plaintiffs' claims.  GreenPoint

14  contends that  Plaintiffs may not obtain certification of  a class for damages based on their

15  disparate impact claims, as courts have rejected such attempts in cases very similar to this one.

16       **4.**     **Motions.**

17          **A.**     **Pending Motions.**

18       GreenPoint filed a motion to dismiss pursuant to Rule 12(b)(6) on April 11, 2008.  That

19  motion will be fully briefed by May 2, 2008, and will be argued on May 19, 2008.

20          **B.**     **Anticipated Pretrial Motions.**

21       Plaintiffs will file a motion for entry of Pretrial Order No. 1 appointing lead and interim

22  class counsel pursuant to Rule 23(g), establishing an organizational structure of Plaintiffs'

23  counsel and establishing procedures for subsequently filed related cases, among other things.

24  Plaintiffs will circulate the proposed motion to seek consent of Defendant prior to filing the

25  motion with the Court.

26       Plaintiffs also intend to file a motion, if the parties are unable to resolve the issues by

27  stipulation, for entry of an order regarding a protocol for the conduct of electronic discovery in

28  this case.

1  Plaintiffs will file a motion for class certification. *See* Section 9, herein, for a proposed

2  scheduling order relating to Plaintiffs' certification motion.

3  The extent and degree of discovery motion practice, if any, is presently unknown.

4  The parties anticipate that discovery in this action may include the discovery of

5  confidential, proprietary and trade secret information and/or information protected by privacy

6  rights, and, accordingly, in order to facilitate discovery, have entered into and submitted for

7  the Court's consideration a Stipulation and [Proposed] Protective Order Regarding

8  Confidential, Trade Secret and Private Consumer Information. In the event any party seeks to

9  file any information designated as confidential pursuant to any protective order entered in this

10  case, the party shall seek an order authorizing the sealing of the document or portions thereof

11  pursuant to Civil Local Rule 79-5.

12  In accordance with Local Rule 26-1, counsel for the parties have discussed the

13  complexity of this case. Counsel agree that certain procedures of the Manual for Complex

14  Litigation may be useful for the management of this action. The parties intend to consult the

15  Manual for Complex Litigation to assess whether specified procedures should be utilized as

16  the case progresses.

17  In addition to the above, Defendant anticipates filing a motion for summary judgment if

18  this case proceeds beyond the motion to dismiss and class certification phases. Defendant

19  reserves the right to file any other pretrial motions it deems necessary to protect its interests

20  beyond the motions contemplated in this paragraph.

21  **5.    Amendment of Pleadings.**

22  Plaintiffs propose that the deadline to amend the complaint be September 1, 2008.

23  Defendant maintains that Federal Rule of Civil Procedure 15(a) governs any further

24  amendments, and thus leave of court or permission of Defendant must be sought before any

25  further amendment can be made.

26  **6.    Evidence Preservation.**

27

28

The parties have agreed to confer further regarding preservation of evidence. Defendant acknowledges an obligation to preserve relevant and discoverable documents and has taken steps to ensure that such documents are preserved.

**7.     Disclosures.**

Plaintiffs propose that the parties exchange Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on April 28, 2008.

Defendant believes that the exchange of Initial Disclosures should be deferred until 14 days after the Court issues a decision denying Defendant's motion to dismiss.

**8.     Discovery.**

**A.     Discovery Subjects, Phased Discovery and Completion of Discovery**

Plaintiffs' proposed pre-trial schedule:

| | |
|---|---|
| Non-expert discovery cut-off | June 30, 2009 |
| Parties' initial expert reports | July 27, 2009 |
| Parties' rebuttal expert reports | September 1, 2009 |
| Completion of expert discovery | October 9, 2009 |

Defendant believes that, in the interests of justice and judicial efficiency, all discovery should be stayed, and the setting of cut-off dates deferred, until after the Court issues a decision on Defendant's motion to dismiss.  If the Court denies Defendant's motion to dismiss, discovery should proceed only on those issues directly relevant to class certification.  To the extent any discovery on class certification is necessary, the parties should confer within ten days of the denial of the motion to dismiss to agree upon a schedule.  If and when Plaintiffs are able to certify a class, Defendant proposes that the parties will confer at that time as to an appropriate schedule for further discovery.

Plaintiffs believe that discovery should proceed apace and should not be stayed during the pendency of Defendant's motion to dismiss because there is a high likelihood that the motion will be denied.  Plaintiffs oppose bifurcation of discovery between "class" and "merits" discovery because the purported distinction is artificial and meaningless in a

disparate impact case and such bifurcation is inefficient, serves only to complicate and delay prosecution of the litigation and ultimately increases the cost of the litigation and the burden to the Court.

**B.    Discovery Limitations.**

Plaintiffs propose an interim limit of fifteen (15)    depositions per side, subject to expansion by agreement of the parties or Court order and that the parties be permitted to serve fifty (50) interrogatories per side.

Defendant maintains that the limitations provided for in the Federal Rules of Civil Procedure should govern discovery in this case.

**9.    Class Actions.**

By Plaintiffs:

Pursuant to Local Rule 16-9(b), Plaintiffs assert this action is maintainable as a class action pursuant to sections (a), (b)(2) and/or (b)(3) of Rule 23 of the Federal Rules of Civil Procedure. The Amended Class Action Complaint defines the class generally as: all minorities(non-Caucasians and other minority racial groups protected under 42 U.S.C. § 3601 and 15 U.S.C. § 1961) who have entered into residential mortgage loan contracts that were financed or purchased by Defendant , and who have been subject to racial discrimination.

Plaintiffs allege they are entitled to maintain the action under Federal Rules of Civil Procedure Rule 23.  In accordance with Local Rule 16-9(b), Plaintiffs assert that the facts which show Plaintiffs' entitlement to maintain the action under Fed. R. Civ. P. 23 include the following: the Class consists of many thousands, or tens of thousands, of individuals geographically dispersed throughout the United States; all members of the Class have been subjected to and affected by Defendant's practice of assessing yield spread premiums and other discretionary fees and imposing other adverse terms and features on mortgage loans; Plaintiffs and the other members of the propose class were subjected to yield spread premiums and other discretionary charges and fees and other terms that have disproportionately affected minority borrowers; Plaintiffs are committed to vigorous prosecution of the class claims and have retained attorneys who have extensive experience in class actions and consumer

protection and credit discrimination actions; and Defendant has acted or refused to act on grounds generally applicable to the proposed class.  *See* L.R. 16-9(b)(3).

Pursuant to the proposed pretrial schedule as set forth herein, Plaintiffs request a deadline to file their motion for class certification on or before December 17, 2008. Plaintiffs maintain that any challenge by Defendant to the availability of monetary relief on a class-wide basis should be raised in its opposition to Plaintiffs' motion for class certification rather than as suggested by Defendant in the following section.

By Defendant:

As stated above, Defendant maintains that to the extent Plaintiffs seek monetary damages, a class cannot be certified, inasmuch as commonality and typicality would not exist. Defendant suggests that the availability of class-wide damage relief be established before the parties incur the substantial time and expense of a Rule 23 motion.

**10.    Related Cases.**

The parties do not know of any related proceedings at this time.

**11.    Relief.**

Plaintiffs  seek injunctive relief to prohibit or otherwise remedy the discriminatory practices of Defendant together with   other equitable relief including restitution, monetary relief and punitive damages.

GreenPoint notes that it is no longer originating loans, and thus any claim for injunctive relief is moot.

**12.    Settlement and ADR.**

The parties have conferred concerning the likelihood of settlement and they continue to do so.  In accordance with Local Rule 16-8 and Alternative Dispute Resolution Local Rule 3-5, on April 24, 2008, the parties conferred in an attempt to agree on an ADR process, but were unable to agree on an ADR process.  Both parties are interested in pursuing mediation.  However, Defendants believe that mediation efforts at this point should be directed only to the individual plaintiffs, whereas Plaintiffs believe that mediation should proceed with the goal of achieving a classwide resolution.  On April 28, 2008, GreenPoint submitted its ADR Certification By Parties And Counsel and Notice Of Need For ADR Phone Conference.  On April 28, 2008, Plaintiffs

submitted their ADR Certification By Parties And Counsel and Notice Of Need For ADR Phone Conference.  As of the date of this Report and Case Management Conference Statement, the Court's ADR staff has not yet scheduled the ADR Phone Conference.

**13.    Consent to Magistrate Judge for all Purposes.**

The parties do not consent to a Magistrate Judge for all purposes.

**14.    Other References.**

The parties do not believe this case is suitable for other reference at this time.

**15.    Narrowing of Issues.**

At this stage in the proceedings, the parties are unaware of any issues that can be narrowed by agreement or motion, other than the anticipated motions set forth in section 4, herein.  The parties agree to continue to meet and confer regarding these issues and to inform this Court as applicable in the event discovery indicates agreement may be reached regarding the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

**16.    Expedited Schedule.**

The parties agree this case is not appropriate for an expedited or streamlined procedure.

**17.    Scheduling.**

Plaintiffs propose the pre-trial and trial schedule attached hereto as Exhibit A.

Defendant maintains that it is premature to set a schedule prior to the Court's decision on its motion to dismiss.  Defendant agrees to confer with Plaintiffs if and when the motion to dismiss is denied to establish an appropriate schedule.

**18.    Trial.**

All parties request a jury trial.

**19.    Disclosure of Non-party Interest Entitles or Persons.**

Pursuant to Civil Local Rule 3-16, all parties ___ filed a Certification of Interested Entities or Persons.

*/ / /*

1    **20.    Other Matters.**

2    The parties do not have any additional matters to raise at this time.

3    DATED:  April 28, 2008

4                                BONNETT, FAIRBOURN, FRIEDMAN, & BALINT, P.C.

5                                                    /s/
                                _____

6                                Andrew S. Friedman (to be admitted *pro hac vice*)

7                                Wendy J. Harrison (CA SBN 151090)
                                2901 North Central Avenue, Suite 1000

8                                Phoenix, Arizona 85012
                                Telephone:  602-274-1100

9                                Facsimile:  602-274-1199

10                               CHAVEZ & GERTLER, L.L.P.

11                               Mark A. Chavez (CA SBN 90858)
                                Nance F. Becker (CA SBN 99292)

12                               Dan Gildor  (CA SBN 99292)
                                42 Miller Avenue

13                               Mill Valley, California 94941
                                Telephone:  415-381-5599

14                               Facsimile:  415-381-5572

15

16                               RODDY KLEIN & RYAN
                                Gary Klein (admitted *pro hac vice*)

17                               Shennan Kavanagh
                                727 Atlantic Avenue

18                               Boston, MA 02111-2810
                                Telephone:  617-357-5500, ext. 15

19                               Facsimile:  617-357-5030

20                               MILLER LAW LLC

21                               Marvin A. Miller (to be admitted *pro hac vice*)
                                Lori A. Fanning (to be admitted *pro hac vice*)

22                               115 South LaSalle Street, Suite 2910

23                               Chicago, IL 60603
                                Telephone:  (312) 332-3400

24

25                               HAGENS BERMAN SOBOL SHAPIRO LLP
                                Thomas M. Sobol (to be admitted *pro hac vice*)

26                               One Main Street, 4th Floor
                                Boston, MA 02142

27                               Telephone:  (617) 475-1950

28                               Facsimile: (617) 482-3003

NATIONAL CONSUMER LAW CENTER
Stuart T. Rossman (to be admitted *pro hac vice*)
Charles Delbaum (to be admitted *pro hac vice*)
77 Summer Street, 10th Flr.
Boston, MA 02141
Telephone: (617) 542-8010
Facsimile: (617) 545-8028

COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP
John J. Stoia, Jr. (CA SBN 141757)
Theodore J. Pintar (CA SBN 131372)
Leslie E. Hurst (CA SBN 178432)
655 West Broadway
San Diego, CA 92101-3301
Telephone:  619-231-1058
Facsimile: 619-231-7423

Attorneys for Plaintiffs

DATED:  April 28, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP

/s/
_____
Raoul D. Kennedy (CA SBN 40892)
Joren S. Bass (CA SBN 208143)
Four Embarcadero Center, Suite 3800
San Francisco, California 93111-3133
Telephone:  (415) 984-6400
Facsimile: 415-984-2698

Of Counsel:

Andrew L. Sandler (admitted *pro hac vice*)
Anand S. Raman (admitted *pro hac vice*)
Caitlin M. Kasmar (admitted *pro hac vice*)
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: 202-371-7000
Facsimile: 202-393-5760

Attorneys for Defendants

1

**EXHIBIT A**
**to Joint Rule 26(f) Report and Case Management Conference Statement**
**Plaintiffs' Proposed Pre-Trial Scheduling**

2

3

| Pretrial or Trial Event | Plaintiffs' Requested Deadline |
|---|---|
| Deadline to Amend Pleadings | September 1, 2008 |
| Motion for Class Certification | December 17, 2009 |
| Non-Expert Discovery Cut-Off Date | June 30, 2009 |
| Opening Expert Witness Disclosure [*See* F.R.Civ.P. 26(a)(2)] | July 27, 2009 |
| Rebuttal Expert Witness Disclosure | September 1, 2009 |
| Expert Discovery Cut-Off Date | October 9, 2009 |
| Last day for hand-serving motions and filings (other than Motions in Limine) | October 30, 2009 |
| Parties to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material | Parties meet and confer following resolution of class certification motion |
| Filing Joint Pretrial Conference Statement and Proposed Order | Parties meet and confer following resolution of class certification motion |
| Lodging exhibits and other trial materials | Parties meet and confer following resolution of class certification motion |
| Last day to serve and file briefs on disputed issues of law, including procedural and evidentiary issues | Parties meet and confer following resolution of class certification motion |
| Serve and file requested *voir dire*, jury instructions and forms of verdict | Parties meet and confer following resolution of class certification |

| | |
|---|---|
| | motion |
| Serve and file statements designating deposition excerpts, form interrogatory answers and responses to requests for admission to be offered at trial other than for impeachment or rebuttal | Parties meet and confer following resolution of class certification motion |
| Last day to meet and confer regarding objections to evidence | Parties meet and confer following resolution of class certification motion |
| Final Pretrial Conference and Hearing on Motions in Limine | Parties meet and confer following resolution of class certification motion |
| Trial Date | Parties meet and confer following resolution of class certification motion |

DOCSSFO-12500166.1

1

<u>ECF Certification</u>

2

3    I, Mark A. Chavez, certify that concurrence in the filing of the Joint Rule 26(f) Report and

Case Management C onference Statement  has been obtained from Anand S. Raman on behalf of

4    Defendant.

5

6    Dated:  April 28, 2008                                        CHAVEZ & GERTLER LLP

7                                                                                /s/

8                                                                        By_____

9                                                                            Mark A. Chavez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28