BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Andrew S. Friedman (admitted *pro hac vice*)
Wendy J. Harrison (CA SBN 151090)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Tel: (602) 274-1100
Fax: (602) 274-1199
E-mail: afriedman@bffb.com
         wharrison@bffb.com

CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (CA SBN 90858)
Nance F. Becker (CA SBN 99292)
Dan Gildor (CA SBN 223027)
42 Miller Avenue
Mill Valley, California 94941
Tel: (415) 381-5599
Fax: (415) 381-5572
E: mail: mark@chavezgertler.com
         nance@chavezgertler.com
         dgildor@chavezgertler.com

*Attorneys for Plaintiffs*
*[Additional counsel appear on signature page.]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANA RAMIREZ, ISMAEL RAMIREZ and JORGE SALAZAR, on behalf of themselves and all others similarly situated, | Case No. 08-cv-00369-TEH |
| | CLASS ACTION |
| Plaintiffs, | MOTION TO ENTER [PROPOSED] PRE-TRIAL ORDER NO. 1 AND MEMORANDUM IN SUPPORT THEREOF |
| vs. | |
| GREENPOINT MORTGAGE FUNDING, INC. | Judge: Honorable Thelton E. Henderson |
| Defendant. | |

Plaintiffs Ana Ramirez, Ismael Ramirez and Jorge Salazar ("Plaintiffs") submit this memorandum in support of their Motion to Enter [Proposed] Pre-trial Order No. 1 ("PTO No. 1") filed concurrently herewith.

PTO No. 1 establishes pretrial procedures governing: (1) the preservation of evidence; (2) cooperation of the parties; (3) service of papers among the parties' multiple counsel; and (4) instructions to the Clerk of Court insuring that filings in this and subsequent related cases will be fairly and efficiently handled in this Court. PTO No. 1 also appoints interim leadership for the putative Class pursuant to Federal Rule of Civil Procedure 23(g) to foster coordinated and efficient prosecution of the litigation, reduce costs and delays, expedite the proceedings and otherwise advance the interests of the proposed Class.

In sum, Plaintiffs respectfully submit that PTO No. 1 should be entered to promote and facilitate the just, efficient and cost-effective prosecution of this litigation.

## INTRODUCTION AND BACKGROUND

On January 18, 2008, Plaintiffs Ana Ramirez and Ismael Ramirez filed this action individually and on behalf of all other similarly situated minorities who have entered into residential mortgage loan contracts that were originated, financed or purchased by Defendant Greenpoint Mortgage Funding, Inc. ("Defendant" or "Greenpoint"). On March 13, 2008, an amended complaint was filed adding Plaintiff Jorge Salazar who also entered into residential mortgage loan contracts that were originated, financed or purchased by Defendant. Plaintiffs, who each are members of a protected minority group, challenge Greenpoints' mortgage pricing policies and procedures that result in minorities receiving home loans with higher fees, rates and costs than similarly situated non-minority borrowers.

On February 20, 2008, this Court entered an Order setting an Initial Case Management Conference for May 5, 2008 and ordered the parties to meet and confer and submit a joint statement pursuant to Federal Rule of Civil Procedure 26(f).

On April 11, 2008, Defendant filed its Motion to Dismiss Plaintiffs' First Amended Complaint.

On April 16, 2008, the parties entered into a stipulation requesting the court to reschedule the Case Management Conference to May 19, 2008, the same time as the hearing on the Motion to Dismiss.

Thus, to ensure the efficient and orderly prosecution of this putative class action and effective representation for the Class, and for the reasons set forth below, Plaintiffs respectfully request the Court to enter PTO No. 1.

## ARGUMENT

### I. PTO NO. 1 WILL PROMOTE EFFICIENT CONDUCT OF THIS LITIGATION

PTO No. 1 contains the terms customarily included in such pretrial case management orders. Plaintiffs respectfully submit that establishment of these customary items through the entry of PTO No. 1 will promote the efficient conduct of this action.

The provisions in PTO No. 1, for example, which establish procedures for the Clerk of Court to handle subsequent related cases, are of the variety commonly entered in case management orders of this type. *See Manual for Complex Litigation* (*Fourth*) ("*MCL*") §§ 40.21 and 40.52 (2004). Further, the direction to counsel for all parties to cooperate with one another, whenever possible, to promote the expeditious handling of pretrial proceedings in this action, is commonly entered and serves a valuable and important purpose. *See MCL* § 10.13 ("Court supervision and control should recognize the burdens placed on counsel by complex litigation and should foster mutual respect and cooperation between the court and the attorneys and among the attorneys.").

3

MOTION TO ENTER PRE-TRIAL ORDER NO. 1  
AND MEMORANDUM IN SUPPORT

Case No. 08-cv-00369-TEH

PTO No. 1's provisions governing preservation of evidence are likewise appropriate and useful. PTO No. 1 memorializes the duty to preserve evidence, and requires senior counsel on each side to submit to the Court under seal a statement that they have inquired of their respective clients and direct them to halt business processes that result in the routine destruction of documents reasonably anticipated to be subject to discovery in this action.

Entry of PTO No. 1 at the inception of this litigation will safeguard against the intentional or inadvertent destruction of potentially relevant documents and is especially important given the vast quantities of documents generated by financial institutions such as Defendant and the proliferation of electronic information:

> [T]he timing of the order is critical. In today's world, where documents in electronic form are being produced and destroyed by the millions every minute, there is an ever present possibility that relevant documents may be destroyed or at least converted into a form which is inaccessible even after litigation is commenced. This destruction or conversion may occur because a company wants to destroy evidence or simply because the company has failed to communicate to an employee that data should be preserved. * * *
>
> Regardless of the reason for the destruction, the result is the same. Relevant data which would help the court perform its truth seeking function is destroyed or converted and either cannot be retrieved or can be retrieved only at great cost. The integrity of the fact-finding process is undermined. Thus, the entry of a preservation order very early in the litigation is essential.

Carroll, John L., "Preservation of Documents in the Electronic Age: What Should Courts Do?", Federal Courts Law Review, 2005 FEDCTLR 5 (May 2005); *see also Capricorn Power Co., Inc. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 436 (when digital evidence is involved, because it can be easily degraded, compromised or written over, "the timing of the preservation order may be of the essence").

In short, Plaintiffs submit that each of the directives in proposed PTO No. 1 are commonplace, appropriate and carefully tailored to facilitate the just, efficient and cost-effective prosecution of this litigation.

## II. CO-LEAD INTERIM CLASS COUNSEL AND LIAISON COUNSEL IN THS ACTION SHOULD BE APPOINTED AS PROPOSED IN PTO NO. 1.

### A. The Court Should Implement an Interim Leadership Structure Pursuant to Rule 23(g).

Federal Rule of Civil Procedure 23(g) provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Such orders are common and are encouraged in complex class actions. *See MCL* § 10.22 (recommending special procedures for coordination of counsel early in complex litigation). Appointment of interim leadership for the putative class at this stage will assist to streamline prosecution of the litigation, eliminate unnecessary costs and delays, expedite the proceedings and result in the best resolution for the proposed class. *See MCL* § 22.62 ("Early organization of counsel who have filed the various cases transferred or consolidated for pretrial purposes is a critical case management task.").

### B. Appointment of Interim Leadership Should Be Approved as Proposed in PTO No. 1.

Plaintiffs' counsel – consisting of seven separate law firms – have conferred and agree that Bonnett Fairbourn Friedman & Balint, P.C. ("Bonnett Fairbourn") and Roddy Klein & Ryan ("Roddy Klein") should be appointed to serve as Co-Lead Interim Class Counsel. The law firm of Chavez & Gertler is proposed to serve as liaison counsel for Plaintiffs and the proposed class. As set forth below, establishment of this leadership structure for Plaintiffs' counsel will allow the Court and counsel for Defendant to deal with a manageable number of law firms that possess the collective knowledge, experience and resources necessary to effectively lead this case.

### 1. Proposed Co-Lead Interim Class Counsel Have the Necessary Experience and Knowledge of the Law to Serve as Co-Lead Interim Class Counsel.

Bonnett Fairbourn and Roddy Klein are well-qualified to fulfill all obligations of Co-Lead Interim Class Counsel. In the class certification context, courts hold that a class is fairly and adequately represented where counsel is qualified, experienced and generally able to conduct the litigation on its behalf. Bonnett Fairbourn and Roddy Klein are experienced and capable class counsel who have demonstrated their qualifications to serve as Co-Lead Interim Class Counsel.

Bonnett Fairbourn has developed a recognized practice in the area of complex commercial litigation, including major class actions, and is widely regarded as a preeminent firm representing plaintiffs in class action proceedings. Over the last twenty years, Bonnett Fairbourn has successfully handled more than 100 class action lawsuits, representing consumers and victims in a wide range of class action proceedings, including civil rights, racial discrimination, securities and consumer fraud claims. Andrew Friedman has served as lead or co-lead counsel in a wide variety of class actions, including a series of landmark cases challenging racial discrimination in the pricing of life insurance and homeowner's insurance.

Roddy Klein specializes in consumer protection and has a national consumer litigation practice. Gary Klein has represented consumers in individual cases and class actions since 1985 in the areas of mortgage lending, Trust in Lending, predatory lending, abusive debt collection, unfair and deceptive business practices, and lending discrimination. From 1991-2000, Mr. Klein was a senior attorney at the National Consumer Law Center in Boston, a non-profit law firm representing the interests of low-income consumers in court and in various legislatures.

Chavez & Gertler, proposed Liaison Counsel, also have represented plaintiffs in a wide variety of class actions and other complex civil litigation matters involving financial services,

lending practices and insurance charges. Chavez & Gertler has served or is currently serving as lead or co-lead counsel in over 90 class actions filed in federal and state courts.

In addition, Plaintiffs' other counsel in this action are a group of highly regarded firms with considerable experience representing plaintiffs in major class actions nationwide. Plaintiffs' counsel include the National Consumer Law Center, a renowned consumer rights organization with considerable expertise in matters involving alleged racial discrimination and consumer rights. This group of committed law firms will likewise serve as a tremendous resource in the prosecution of the case on behalf of the Class.

### 2. Proposed Co-Lead Interim Class Counsel and Proposed Liaison Counsel Are Willing to Make the Commitment to Zealously Prosecute Claims on Behalf of the Class and Have the Resources Available To Do So.

Proposed Co-Lead Interim Class Counsel and Proposed Liaison Counsel have amply demonstrated their ability to devote the resources necessary to represent the proposed Class. As noted above, Bonnett Fairbourn and Roddy Klein have prosecuted similar claims against other major companies for many years. On nearly every occasion, these cases were protracted, hard-fought class actions that were litigated by some of the most capable defense counsel in the country. Proposed Co-Lead Interim Class Counsel (and co-counsel) represented the plaintiff classes in these cases on a wholly contingent basis, advanced enormous costs and expenses on behalf of the class members, and litigated these cases tirelessly at the trial and appellate levels, securing many landmark rulings along the way. Proposed Co-Lead Interim Class Counsel will ensure that all necessary resources, including advancing costs and expenses, are made available for the prosecution of this action.

### 3. Proposed Co-Lead Interim Class Counsel and Proposed Liaison Counsel Are In The Best Position To Coordinate The Prosecution Of This Action With Parallel Federal Court Actions.

Other considerations also favor the Court's approval of the leadership structure proposed in PTO No. 1. Proposed Co-Lead Interim Class Counsel will be able to assist the Court in managing

this action by coordinating it with parallel federal court actions. In addition to Plaintiffs in this action, Bonnett Fairbourn, Roddy Klein, Chavez & Gertler and other Plaintiffs' counsel represent plaintiffs in numerous other class actions pending in this and other federal jurisdictions asserting similar claims against different defendants. *See* Note 1, *supra*. Bonnett Fairbourn, Roddy Klein and their co-counsel have agreed to coordinate the prosecution of these related proceedings to avoid wasteful or duplicative activity.

Proposed Co-Lead Interim Class Counsel and Liaison Counsel thus are well-positioned to coordinate federal court discovery and motions practice with this Court's management of the present proceeding. Such coordination through plaintiffs' counsel has been recognized as a valuable tool used by federal district courts to ensure the orderly and efficient litigation of complex matters. *See MCL* § 31.31.

### 4. Proposed Co-Lead Interim Class Counsel and Liaison Counsel Are Well-Positioned to Comply With the Responsibilities Designated by PTO No. 1.

PTO No. 1 designates a number of specific responsibilities to Co-Lead and Liaison Interim Class Counsel and Bonnett Fairbourn, Roddy Klein and Chavez & Gertler are well-positioned to undertake those responsibilities. Specifically, PTO No. 1 instructs Co-Lead Interim Class Counsel and Liaison Counsel to maintain communications and promote harmonious dealings among all Plaintiffs' counsel; provide general supervision of the activities of Plaintiffs' counsel; and perform or delegate as appropriate duties including, *inter alia*, briefing and argument of motions, conduct of discovery, appearances at pretrial conferences, consultation with experts, and conduct of settlement negotiations with counsel for Defendant.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter PTO No. 1.

Dated: May 2, 2008

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.

By  /s Wendy J. Harrison
Andrew S. Friedman (*pro hac vice*)
Wendy J. Harrison (SBN 151090)
2901 North Central Avenue, Ste. 1000
Phoenix, Arizona  85012-3311
Telephone:  602-274-1100
Facsimile:  602-274-1199

RODDY KLEIN & RYAN
Gary Klein (admitted *pro hac vice*)
Shennan Kavanagh
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone:  617-357-5500, ext. 15
Facsimile:  617-357-5030

CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (CA SBN 90858)
Nance F. Becker (CA SBN 99292)
Dan Gildor (CA SBN 99292)
42 Miller Avenue
Mill Valley, California 94941
Telephone:  415-381-5599
Facsimile:  415-381-5572

MILLER LAW LLC
Marvin A. Miller (to be admitted *pro hac vice*)
Lori A. Fanning (to be admitted *pro hac vice*)
115 South LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone:  312-332-3400

HAGENS BERMAN SOBOL SHAPIRO LLP
Thomas M. Sobol (to be admitted *pro hac vice*)
One Main Street, 4th Floor
Boston, MA 02142
Telephone:  617-475-1950
Facsimile:  617-482-3003

9

MOTION TO ENTER PRE-TRIAL ORDER NO. 1
AND MEMORANDUM IN SUPPORT

Case No. 08-cv-00369-TEH

| | |
|---|---|
| 1 | NATIONAL CONSUMER LAW CENTER |
| 2 | Stuart T. Rossman (to be admitted *pro hac vice*) |
| 3 | Charles Delbaum (to be admitted *pro hac vice*) |
| 4 | 77 Summer Street, 10th Floor<br>Boston, MA 02141 |
| 5 | Telephone: 617-542-8010<br>Facsimile:  617-545-8028 |
| 6 | |
| 7 | COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP |
|   | John J. Stoia, Jr. (CA SBN 141757) |
| 8 | Theodore J. Pintar (CA SBN 131372) |
| 9 | Leslie E. Hurst (CA SBN 178432) |
|   | 655 West Broadway |
| 10 | San Diego, CA 92101-3301 |
|    | Telephone:  619-231-1058 |
| 11 | Facsimile:  619-231-7423 |
|    | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I, Wendy J. Harrison, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on May 2, 2008.

    /s Wendy J. Harrison
    Wendy J. Harrison