UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ANA RAMIREZ, ISMAEL RAMIREZ and JORGE SALAZAR, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

GREENPOINT MORTGAGE FUNDING, INC.

Defendant.

Case No.: 08-cv-00369-TEH

**[PROPOSED] PRE-TRIAL ORDER NO. 1**

Judge: Honorable Thelton E. Henderson

In order to promote the just, expeditious and cost-effective resolution of this litigation, IT IS HEREBY ORDERED as follows:

I. APPOINTMENT AND ORGANIZATION OF PLAINTIFFS' CO-LEAD INTERIM AND LIAISON INTERIM CLASS COUNSEL

A. Pursuant to Federal Rule of Civil Procedure 23(g), the following counsel are designated to act on behalf of Plaintiffs and the Class in this action and all subsequent related and consolidated actions unless otherwise ordered by the Court ("Co-Lead Interim Class Counsel and Liaison Interim Class Counsel"):

1. BONNETT FAIRBOURN FRIEDMAN & BALINT, P.C.
ANDREW S. FRIEDMAN (admitted *pro hac vice*)
2901 North Central Avenue
Suite 1000
Phoenix, AZ 85012
Telephone: 602-274-1100

2. RODDY KLEIN & RYAN
Gary Klein (admitted *pro hac vice*)
727 Atlantic Avenue
Boston, MA 02111-2810
Telephone: 617-357-5500, ext. 15

*Co-Lead Interim Class Counsel*

3. CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (CA SBN 90858)
42 Miller Avenue
Mill Valley, California 94941
Telephone: 415-381-5599

*Liaison Interim Class Counsel*

B. Co-Lead and Liaison Interim Class Counsel are directed to mail a copy of this Order to all counsel of record in this action.

C. Co-Lead and Liaison Interim Class Counsel are expected to maintain communications and promote harmonious dealings among all Plaintiffs' counsel. Co-Lead and Liaison Interim Class Counsel shall provide general supervision of the activities of Plaintiffs' counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

1. to brief and argue motions;

2. to initiate and conduct discovery, including, without limitation, coordination of discovery with Defendant's counsel, and the preparation of written interrogatories, requests for admissions and requests for production of documents;

3. to direct and coordinate the examination of witnesses in depositions;

4. to act as spokesperson at pretrial conferences;

5. to call and chair meetings of counsel as appropriate or necessary from time to time;

6. to initiate and conduct any settlement negotiations with counsel for Defendant;

7. to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

8. to consult with and employ experts;

9. to receive and review periodic time reports of all attorneys on behalf of Plaintiffs and to determine if the time is being spent appropriately and for the benefit of Plaintiffs; and

10. to perform such other duties as may be expressly authorized by further order of this Court.

D. Defendant's counsel may rely upon all agreements made with Plaintiffs' Co-Lead and Liaison Interim Class Counsel and such agreements shall be binding on Plaintiffs and Plaintiffs' counsel in this action and any subsequent related and consolidated actions.

II. LATER FILED CASES IN THIS COURT

A. When a case that relates to the same subject matter as these actions is hereafter filed in this Court or transferred from another court, the Clerk of this Court shall:

1. File a copy of this Order in the separate file for such action.

2. Mail a copy of the Order of assignment to counsel for plaintiffs and counsel for each defendant in any actions consolidated herewith.

3. Make an appropriate entry in the Master Docket.

4. Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

5. Upon the first appearance of any new defendant (s) mail to the attorneys for the defendant(s) in such newly filed or transferred case a copy of this Order.

B. Counsel for plaintiffs and defendant in this action shall cooperate in calling to the attention of the clerk any newly filed or transferred case.

III. APPLICATION OF THIS ORDER TO SUBSEQUENT RELATED ACTIONS

A. Because subsequent related cases may be filed in or transferred to this Court, this Court will issue orders to the extent practicable calling for such matters to be consolidated with this action pursuant to Federal Rule of Civil Procedure 42 and to otherwise proceed in a manner consistent with the schedule in this action.

B. All future Plaintiffs' counsel in subsequent related and consolidated cases must be authorized in advance by Co-Lead and Liaison Interim Class Counsel to assume responsibilities related to those of the law firm designated above as Co-Lead and Liaison Interim Class Counsel.

IV. PRESERVATION OF EVIDENCE

A. The Court reminds the parties of their duty to preserve evidence that may be relevant to this action.

B. This duty extends to documents, data and tangible things (to be interpreted broadly) in the possession, custody and control of the parties to this action, and the employees, agents, contractors or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel are under an obligation to exercise efforts to identify and notify such non-parties, including employees.

C. Preservation of evidence is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipated to be subject to discovery in this Action.

D. Counsel are directed to inquire of the respective clients if the business practices of any party involve the routine destruction, recycling, relocation or mutation of such materials and, if so, direct the party, to the extent practicable for the pendency of this order, either to (1) halt such business processes; (2) sequester or remove such material from the business process; or (3) arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

E. The most senior lawyer or lead trial counsel representing Defendant and a representative for Co-Lead and Liaison Interim Class Counsel shall, not later than _________, 2008, submit to the Court under seal and pursuant to Federal Rule of Civil Procedure 11, a statement that the directive in paragraph IV(D) above has been carried out.

V. MISCELLANEOUS

A. Counsel for all parties are directed to cooperate with one another, whenever possible, to promote the expeditious handling of pretrial proceedings in this action.

B. All subsequent pretrial orders issued in this action shall be numbered consecutively. Any reference to an Order of this Court in any document filed with the Court shall include the proper number of the Order.

C. This Order may be amended by the Court on its own motion, and any party may apply at any time to this Court for a modification or exception to this Order.

D. Service of any pleading, motion or other paper shall be made by hand delivery, facsimile, overnight delivery or by United States mail to counsel for Defendant and to Co-Lead

and Liaison Interim Class Counsel, as well as by e-mail to the designated e-mail distribution lists submitted by each party, as updated.

E. All Plaintiffs' counsel in this action and counsel of any subsequent related and consolidated actions shall submit a record of the time expended on these matters on a monthly basis in a manner prescribed by Co-Lead and Liaison Interim Class Counsel.

IT IS SO ORDERED.

DATED: ________________________, 2008.

______________________________________
THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE