1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ANA RAMIREZ, ISMAEL RAMIREZ and JORGE SALAZAR, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>      v.<br><br>GREENPOINT MORTGAGE FUNDING, INC.,<br><br>           Defendant. | CASE NO. 3:08-cv-00369-TEH<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL, TRADE SECRET AND PRIVATE CONSUMER INFORMATION**<br><br>Date:  May 19, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 12<br>Judge: The Honorable Thelton E. Henderson |

---

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL,                              CASE NO. 3:08-cv-00369-TEH
TRADE SECRET AND PRIVATE CONSUMER INFORMATION

In order to protect confidential, trade secret, proprietary and private consumer information, good cause appearing, and based on the stipulation of the parties to this action

**IT IS HEREBY ORDERED AS FOLLOWS:**

This Order shall govern the use of confidential, trade secret and private consumer information produced during discovery in this proceeding.  As used in this Order, the term "party" shall mean all named parties in the above-styled action, including any named party added or joined to this action.  As used in this Order, the term "non-party" shall mean any individual, corporation, association, or other natural person or entity other than a party.  The term "documents" as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure.  For purposes of this Order, the party or non-party designating information, documents, materials or items as confidential bears the burden of establishing the confidentiality of all such information, documents, materials or items.

1. For the purposes of this Order, "Confidential" information means the following types of documents and information:

(a) Information that constitutes a trade secret in accordance with Cal. Civil Code § 3426.1;

(b) Non-public communications with regulators or other governmental bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

(c) Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party; and

(d) Borrower-specific information, including private consumer information that contains identifying, contact or private financial information provided by a consumer to a financial institution, resulting from any transaction with the consumer or any service performed for the consumer, or otherwise obtained by the financial institution, including any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using

-1-

1 any nonpublic personal information, including any "nonpublic personal information" such as
2 identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*

3     2. Any party may seek an amendment to this Order to designate confidential
4 documents and information in addition to the categories described in Paragraph 1 before
5 production of any such documents and information. The parties agree to meet and confer in good
6 faith and attempt to reach agreement on any request by a party to designate such additional
7 categories of confidential documents or information.

8     3. Confidential documents shall be so designated by stamping copies of the document
9 produced to a party with one of the following legends:

10         "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER,"
11         "CONFIDENTIAL" or "CONFIDENTIAL PRIVATE CONSUMER
12         INFORMATION"

13 Any such stamp or designation shall not cover up, obscure or otherwise conceal any text,
14 picture, drawing, graph or other communication or depiction in the document. If such designation
15 is not feasible (e.g. in the case of certain electronic documents), then such designation may be
16 made by informing the other parties in writing.

17     4. The designation of any material as "Confidential" pursuant to this Order shall
18 constitute the verification of counsel for the producing party or non-party that the material
19 constitutes Confidential information as defined in Paragraph 1 of this Order.

20     5. Documents produced by a party or non-party or their counsel ("Designating Party")
21 and as Confidential under this Order (hereinafter "Confidential Material") may be disclosed or
22 made available only to the following persons (hereinafter "Qualified Persons"):

23        (a) The parties to this action or an officer, director, or employee of a party
24 deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this
25 action;

26        (b) Counsel for the parties to this action ("Counsel"), including all partners and
27 associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors,
28 investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and

clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

  (c) The Court and any person employed or retained by the Court whose duties require access to confidential material;

  (d) Stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

  (e) Any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

  (f) Actual and/or potential trial or deposition witnesses, where Counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses;

  (g) Experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

  (h) Employees of firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; or

  (i) Such other persons as may be designated by written agreement of Counsel or by order of the Court.

  6. Prior to receiving any Confidential Material, each Qualified Person described in paragraphs 5(e) through 5(g) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Attachment "A." Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order. Counsel for the party seeking to disclose Confidential Material to any Qualified Person pursuant to paragraphs 5(e) through 5(g) shall be responsible for retaining the executed originals of all such Confidentiality Agreements and certifying that such individuals have complied with the requirements of Paragraph 14.

  7. Any motion, pleading or other submission that contains or attaches Confidential Material shall be filed in accordance with the requirements of Local Rule 79-5, in a sealed

-3-

envelope that:  (a) is endorsed with the caption for the matter; (b) sets forth a general description of the contents of the sealed envelope; and (c) contains the following legend:

> "CONFIDENTIAL:  THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT, CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED NOR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT."

All papers that refer to or rely upon Confidential Material shall specify the particular aspects of the documents or materials that are Confidential.

8. If a person receiving Confidential Material learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, that person shall request the recipient to return the Confidential Material including all copies thereof, and notify the Designating Party that produced the Confidential Material of the disclosure.

9. Nothing in this Order shall prohibit disclosure of Confidential Material in response to compulsory process or the process of any governmental regulatory agency.  If any person subject to this Order, including a person subject to a Confidentiality Agreement under this Order, is served with such process or receives notice of any subpoena or other discovery request seeking Confidential Material, such person shall promptly (not more than three (3) working days after receipt of such process or notice) notify the Designating Party of such process or request, shall take all reasonable steps to refrain from producing Confidential Material in response to such process, and shall afford a reasonable opportunity for the Designating Party to oppose the process or to seek a protective order.

10. Counsel for any deponent, party or non-party may designate specific portions of deposition testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his testimony are to be treated as confidential.  The Court reporter shall separately bind such testimony and exhibits in a transcript bearing the legend "Confidential – Subject To Protective Order" on the cover page.  Failure of

1  Counsel to designate testimony or exhibits as confidential at deposition, however, shall not
2  constitute a waiver of the confidentiality of the testimony or exhibits.  Upon receipt of the
3  transcript of the deposition, Counsel shall be entitled to designate specific pages and lines of the
4  transcript or the exhibits as confidential within thirty (30) calendar days after receipt of the
5  transcript.  The entire transcript of any deposition shall be treated as Confidential Material until
6  thirty (30) calendar days after the receipt of the final transcript of the deposition.

7       11.     No one may attend the portions of depositions or review the transcripts of the
8  portions of any depositions at which Confidential Material is shown or discussed other than those
9  persons designated in Paragraph 5 and outside counsel for any non-party deponent (who shall first
10 sign the Confidentiality Agreement).

11      12.     Unless a prompt challenge to a designating party's confidentiality designation is
12 necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later
13 significant disruption or delay of the litigation, a party does not waive its right to challenge a
14 confidentiality designation by electing not to mount a challenge promptly after the original
15 designation is disclosed.  A party that elects to initiate a challenge to a Designating Party's
16 confidentiality designation must do so in good faith and must begin the process by conferring
17 directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel
18 for the Designating Party.  In conferring, the challenging party must explain the basis for its belief
19 that the confidentiality designation was not proper and must give the Designating Party an
20 opportunity to review the designated material, to reconsider the circumstances, and, if no change in
21 designation is offered, to explain the basis for the chosen designation.  A challenging party may
22 proceed to the next stage of the challenge process only if it has engaged in this meet and confer
23 process first.  A party that elects to press a challenge to a confidentiality designation after
24 considering the justification offered by the Designating Party may file and serve a motion under
25 Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the
26 challenged material and sets forth in detail the basis for the challenge.  Each such motion must be
27 accompanied by a competent declaration that affirms that the movants has complied with the meet
28 and confer requirements imposed in this paragraph and that sets forth with specificity the

-5-

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL,                    CASE NO. 3:08-cv-00369-TEH
TRADE SECRET AND PRIVATE CONSUMER INFORMATION

justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

13. If any Confidential Material is inadvertently provided to a discovering party without being marked as confidential in accordance with this Order, the producing party may thereafter designate such materials as confidential and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality. Until the material is designated as confidential by the Designating Party, however, the discovering party shall be entitled to treat the material as non-confidential.

14. If a party inadvertently produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protections. In these circumstances, the producing party must immediately notify all parties in writing of the inadvertent production and the basis for the privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information. Within five (5) working days of receiving such notification, and in compliance with the receiving parties' ethical obligations under the law, all receiving parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof. However, should a receiving party contest the applicability of a privilege asserted with respect to an inadvertently produced document which the receiving party has already reviewed, the receiving party may temporarily retain the document or documents at issue for the sole purpose of contesting the applicability of the privilege asserted. Within two (2) working days of the issuance of a court order deeming the contested documents at issue privileged, however, the receiving party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

15. Within sixty (60) calendar days of final termination of this lawsuit, including all appeals, (whether by judgment, settlement or otherwise) all materials produced by a party that contain Confidential Material, including all abstracts and summaries of such material, shall be destroyed or returned to Counsel for the Designating Party. Such destroyed or returned materials shall not include the notes or work product of counsel for the parties, expert witnesses or consultants or investigators or agents thereof. Counsel for each such party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance. Reasonable out-of-pocket costs associated with returning or destroying Confidential Materials will be borne by the party in possession of the Confidential Material at the time of the final termination of this lawsuit.

16. No party receiving documents or materials designated as "Confidential Material" shall have any obligation to object to the designation at the time the designation is made or at any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

17. Nothing contained in this Order shall be a waiver of any objection to the admissibility of any evidence at trial, in any pretrial proceeding or on appeal.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 16, 2008　　　　　CHAVEZ & GERTLER, LLP

RODDY KLIEN & RYAN

BONNETT FAIRBOURN FRIEDMAN & BALINT LLP

COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP

MILLER LAW LLC

HAGENS BERMAN SOBOL SHAPIRO LLP

NATIONAL CONSUMER LAW CENTER

By: ___/s/ Mark A. Chavez___
MARK A. CHAVEZ
Attorneys for Plaintiffs
ANA RAMIREZ, ISMAEL RAMIREZ and JORGE SALAZAR

-7-

1  DATED: May 16, 2008                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

2
                                          By:         /s/ Raoul D. Kennedy
3                                               RAOUL D. KENNEDY
                                                Attorneys for Defendant
4                                               GREENPOINT MORTGAGE FUNDING, INC.

5

6  PURSUANT TO STIPULATION, IT IS SO ORDERED.

7

8    DATED: _____, 2008         _____
                                          THE HONORABLE THELTON E. HENDERSON
9                                                United States District Court Judge

-8-

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL,                CASE NO. 3:08-cv-00369-TEH
TRADE SECRET AND PRIVATE CONSUMER INFORMATION

-9-

## SIGNATURE ATTESTATION

I, Raoul Kennedy, am the ECF User whose ID and password are being used to file this [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL, TRADE SECRET AND PRIVATE CONSUMER INFORMATION. In compliance with General Order 45, X.B., I hereby attest that Mark A. Chavez has concurred in this filing.

DATED: May 16, 2008                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP


By: _____/s/ Raoul D. Kennedy_____
                Raoul D. Kennedy

Attorneys for DEFENDANT
GREENPOINT MORTGAGE FUNDING, INC.

EXHIBIT A

AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order Regarding Confidential, Trade Secret And Private Consumer Information ("Protective Order") that was entered by the United State District Court for the Northern District of California on _____ [date] in the case of <u>Ramirez v. Greenpoint Mortgage Funding, Inc.</u>, No. 3:08-cv-00369-TEH.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to do so could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1  RAOUL D. KENNEDY (Bar No. 40892)
   JOREN S. BASS (Bar No. 208143)
2  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Four Embarcadero Center, Suite 3800
3  San Francisco, California 94111-4144
   Telephone: (415) 984-6400
4  Facsimile:  (415) 984-2698
   Email:  rkennedy@skadden.com, jbass@skadden.com
5

6  ANDREW L. SANDLER (Admitted *Pro Hac Vice*)
   ANAND S. RAMAN (Admitted *Pro Hac Vice*)
7  CAITLIN M. KASMAR (Admitted *Pro Hac Vice*)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
8  1440 New York Avenue, N.W.
   Washington, D.C.  20005
9  Telephone: (202) 371-7000
   Facsimile:  (202) 393-5760
10 Email:  asandler@skadden.com, araman@skadden.com, ckasmar@skadden.com

11 Attorneys for DEFENDANT GREENPOINT MORTGAGE FUNDING, INC.

12                         **UNITED STATES DISTRICT COURT**

13                         **NORTHERN DISTRICT OF CALIFORNIA**

14                              **SAN FRANCISCO DIVISION**

15 ANA RAMIREZ, ISMAEL RAMIREZ and JORGE  ) CASE NO. 08-CV-00369-TEH
   SALAZAR, on behalf of themselves and all others )
16 similarly situated,                             ) <u>CLASS ACTION</u>
                                                   )
17                       Plaintiffs,               ) **PROOF OF SERVICE**
                                                   )
18              v.                                 )
                                                   )
19 GREENPOINT MORTGAGE FUNDING, INC.,              )
                                                   )
20                       Defendant.                )
                                                   )
21

---

**PROOF OF SERVICE**                                                     **CASE NO. 08-CV-00369-TEH**

**PROOF OF SERVICE**

I, the undersigned, declare that: I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the instant case. My business address is 4 Embarcadero Center, Suite 3800, San Francisco, California 94111.

On **May 16, 2008**, I served the following document described as:

**[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL, TRADE SECRET AND PRIVATE CONSUMER INFORMATION**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ (BY U.S. MAIL IN THE ORDINARY COURSE OF BUSINESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at San Francisco, California and placed for collection and mailing following ordinary business practices.

☐ (BY FAX) I am readily familiar with the firm's practice of facsimile transmission; on this date the document(s) was transmitted by facsimile transmission and that the transmission was reported as complete and without error and that the transmission report was properly issued by the transmitting facsimile machine.

☐ (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at San Francisco, California and placed for collection and delivery following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 16, 2008**, at San Francisco, California.

| **Pat Owens** | /s/ Pat Owens |
|---|---|
| Type or Print Name | Signature |

-1-

**PROOF OF SERVICE**     **CASE NO. 08-CV-00369-TEH**

RAMIREZ, et al. v. GREENPONT MORTGAGE FUNDING, INC.
U.S. District Court, California Northern District; Case No. 08-CV-00369-TEH

**SERVICE LIST**

| | |
|---|---|
| Charles Delbaum<br>Stuart T. Rossman<br>National Consumer Law Center<br>77 Summer Street, 10th Floor<br>Boston, MA 02141<br>Telephone: (617) 542-8010<br>Facsimile:  (617) 542-8028 | Attorneys for Plaintiffs |
| Marvin A. Miller<br>Lori A. Fanning<br>Miller Law LLC<br>115 South LaSalle Street, Suite 2910<br>Chicago, IL 60603<br>Telephone: (312) 332-3400<br>Facsimile:  (312) 676-2676 | Attorneys for Plaintiffs |
| Shennan Kavanagh<br>Roddy Klein & Ryan<br>727 Atlantic Avenue<br>Boston, MA 02111-2810<br>Telephone: (617) 357-5500 ext 12<br>Facsimile:  (617) 357-5030 | Attorneys for Plaintiffs |

-2-

**PROOF OF SERVICE**                                                                                       **CASE NO. 08-CV-00369-TEH**

-3-

**SIGNATURE ATTESTATION**

I, Raoul Kennedy, am the ECF User whose ID and password are being used to file this PROOF OF SERVICE. In compliance with General Order 45, X.B., I hereby attest that Pat Owens has concurred in this filing.

DATED: May 16, 2008                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                       By:    /s/ Raoul D. Kennedy
                                              RAOUL D. KENNEDY
                                              Attorneys for Defendant
                                              GREENPOINT MORTGAGE FUNDING, INC.

-3-

PROOF OF SERVICE                                              CASE NO. 08-CV-00369-TEH