RAOUL D. KENNEDY (Bar No. 40892)
JOREN S. BASS (Bar No. 208143)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111-4144
Telephone: (415) 984-6400
Facsimile:  (415) 984-2698
Email: rkennedy@skadden.com, jbass@skadden.com

ANDREW L. SANDLER (admitted *pro hac vice*)
ANAND S. RAMAN (admitted *pro hac vice*)
CAITLIN M. KASMAR (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue N.W.
Washington, D.C. 20005-2111
Telephone: (202) 371-7000
Facsimile:  (202) 393-5760
Email: asandler@skadden.com, araman@skadden.com, ckasmar@skadden.com

Attorneys for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA RAMIREZ, ISMAEL RAMIREZ, and JORGE SALAZAR, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>GREENPOINT MORTGAGE FUNDING, INC.,<br><br>　　　　　　　　Defendant. | CASE NO.: 3:08-cv-00369-TEH<br><br>CLASS ACTION<br><br>**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT** |

# ANSWER

Defendant GreenPoint Mortgage Funding, Inc. ("GreenPoint") hereby answers the First Amended Complaint ("Complaint") filed by Plaintiffs Ana and Ismael Ramirez and Jorge Salazar ("Plaintiffs") on March 13, 2008. Except as expressly admitted herein, all allegations in the Complaint are denied.

## "INTRODUCTION"

1. GreenPoint admits that Plaintiffs have brought an action alleging violations of the Equal Credit Opportunity Act ("ECOA") and the Fair Housing Act ("FHA"). GreenPoint denies that it engaged in any discriminatory conduct or that Plaintiffs are entitled to any of the relief sought in this action.

2. GreenPoint admits only that pricing by independent brokers occurs on an individualized basis depending on the circumstances of each loan, not pursuant to any policy of GreenPoint, and that rate sheets issued by GreenPoint set forth wholesale loan rates based on neutral, objective factors. GreenPoint otherwise denies the allegations contained in paragraph 2.

3. GreenPoint admits only that it requires all brokers who do business with GreenPoint to sign a broker agreement and agree to comply with all applicable laws and regulations. GreenPoint otherwise denies the allegations contained in paragraph 3.

4. GreenPoint denies that any of the relief sought by Plaintiffs is appropriate or warranted.

## "JURISDICTION AND VENUE"

5. Paragraph 5 states a conclusion of law to which no response is required.

6. Paragraph 6 states a conclusion of law to which no response is required.

## "INTRADISTRICT ASSIGNMENT"

7. Paragraph 7 states a conclusion of law to which no response is required. GreenPoint denies that it is headquartered in Sonoma County and avers that it is headquartered in Marin County.

**"PARTIES"**

8. GreenPoint admits that the Ramirezes' ethnicity was reported as "Hispanic" on a Form 1003 submitted with the Ramirezes' loan application to their broker. GreenPoint further admits that the property address listed on the Ramirezes' loan application was 46 Stellman Road, Roslindale, Massachusetts 02131.

9. GreenPoint admits that Mr. Salazar's ethnicity was reported as "Hispanic" on a Form 1003 submitted with Mr. Salazar's loan application to his broker. GreenPoint further admits that the property address listed on Mr. Salazar's loan application was 4172 and 4174 51st Street, San Diego, California 92105.

10. GreenPoint admits that it stopped accepting new residential mortgage loan applications on August 20, 2007. GreenPoint denies that it originated loans for "approximately 20 years." The term "sub-prime" is not defined in the Complaint and therefore GreenPoint lacks a basis on which to respond. To the extent a response is required, GreenPoint denies the allegations contained in paragraph 10, except that it admits that it is headquartered at 100 Wood Hollow Drive, Novato, California.

**"FACTS"**

11. GreenPoint denies the allegations contained in paragraph 11.

12. Paragraph 12 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein. To the extent that paragraph 12 requires an answer, GreenPoint admits only that the study cited therein speaks for itself. Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 12.

13. GreenPoint denies the allegations contained in paragraph 13.

14. Paragraph 14 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein. To the extent that paragraph 14 requires an answer, GreenPoint admits only that the HMDA data, which are incomplete and do not fully reflect lending decisions or the individualized factors that brokers

consider in negotiating a loan transaction with a customer, speak for themselves.  Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 14.

15. Paragraph 15 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein.  To the extent that paragraph 15 requires an answer, GreenPoint admits only that the HMDA and the acts of Congress and the Federal Reserve Board speak for themselves.  Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 15.

16. Paragraph 16 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein.  To the extent that paragraph 16 requires an answer, GreenPoint admits only that the article cited therein speaks for itself.  Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 16.

17. Paragraph 17 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein.  To the extent that paragraph 17 requires an answer, GreenPoint admits only that the HMDA data, which are incomplete and do not fully reflect lending decisions or the individualized factors that brokers consider in negotiating a loan transaction with a customer, and Vice-Chairman Gruenberg's statements speak for themselves.  Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 17.

18. Paragraph 18 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein.  To the extent that paragraph 18 requires an answer, GreenPoint admits only that the HMDA data, which are incomplete and do not fully reflect lending decisions or the individualized factors that brokers consider in negotiating a loan transaction with a customer, and the article cited therein speak for themselves.  Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 18.

19. Paragraph 19 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein.  To the extent that

paragraph 19 requires an answer, GreenPoint admits only that the report cited therein speaks for itself. Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 19.

20. Paragraph 20 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein. To the extent paragraph 20 requires an answer, GreenPoint admits only that the HMDA data, which are incomplete and do not fully reflect lending decisions or the individualized factors that brokers consider in negotiating a loan transaction with a customer, speak for themselves. Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 20.

21. Paragraph 21 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein. To the extent that paragraph 21 requires an answer, GreenPoint admits only that the web page referenced therein speaks for itself. Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 21.

22. Paragraph 22 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein. To the extent that paragraph 22 requires an answer, GreenPoint admits only that the report cited therein speaks for itself. Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 22.

23. Paragraph 23 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein. To the extent that paragraph 23 requires an answer, GreenPoint admits only that the reports cited therein speak for themselves. Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 23.

24. Paragraph 24 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein. To the extent that paragraph 24 requires an answer, GreenPoint admits only that the report cited therein speaks for

itself.  Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 24.

25.  Paragraph 25 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein.  To the extent that paragraph 25 requires an answer, GreenPoint admits only that the report cited therein speaks for itself.  Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 25.

26.  Paragraph 26 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein.  To the extent that paragraph 26 requires an answer, GreenPoint admits only that the studies referred to therein speak for themselves.  Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 26.

27.  Paragraph 27 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein.  To the extent that paragraph 27 requires an answer, GreenPoint admits only that the article cited therein speaks for itself.  Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 27.

28.  Paragraph 28 does not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein.  To the extent that paragraph 28 requires an answer, GreenPoint admits only that the reports cited therein speak for themselves.  Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 28.

29.  GreenPoint denies the allegations contained in paragraph 29.  GreenPoint admits only that it directed marketing to brokers rather than to the public.

30.  GreenPoint admits only that it made a small number of loans directly to consumers through branches.  GreenPoint otherwise denies the allegations contained in paragraph 30.

31.   GreenPoint denies the allegations contained in the first sentence of paragraph 31. GreenPoint specifically denies that it had a "network" of brokers.  GreenPoint admits that loans

submitted by brokers to GreenPoint would be accepted only if they met GreenPoint's underwriting standards and other criteria. GreenPoint further admits that with respect to pricing, GreenPoint set limits on the compensation that could be obtained by brokers, but did not otherwise participate in determining the level of compensation received by brokers. GreenPoint otherwise denies the allegations contained in paragraph 31.

32.   GreenPoint denies the allegations contained in paragraph 32.

33.   GreenPoint denies the allegations contained in paragraph 33.

34.   Paragraph 34 states a definition to which no response is required.

35.   GreenPoint admits only that the HMDA data, which are incomplete and do not fully reflect lending decisions or the individualized factors that brokers consider in negotiating a loan transaction with a customer, speak for themselves. Except as expressly admitted herein, GreenPoint denies the allegations contained in paragraph 35.

36.   GreenPoint denies the allegations contained in paragraph 36.

37.   GreenPoint denies the allegations contained in paragraph 37.

38.   GreenPoint admits only that brokers were provided with access to GreenPoint's rate sheets and were apprised of GreenPoint's limits on broker compensation. GreenPoint otherwise denies the allegations contained in paragraph 38.

39.   GreenPoint admits only that it did not restrict brokers' ability to provide potential borrowers with complete and accurate information regarding the mortgage loan options that were available to them through GreenPoint or other lenders. GreenPoint otherwise denies the allegations contained in paragraph 39.

40.   GreenPoint admits only that it originated loans in the sense that it was the source of funds at closing. GreenPoint otherwise denies the allegations contained in paragraph 40.

41.   GreenPoint admits only that the information submitted to GreenPoint by brokers was used in an objective manner. GreenPoint otherwise denies the allegations contained in paragraph 41.

42.   GreenPoint admits only that credit history is a factor in determining what loan products are available to a potential borrower and on what terms. GreenPoint lacks knowledge or

information sufficient to form a belief as to all the categories of information that are embedded in an individual's credit score, and thus denies those allegations on that basis. GreenPoint otherwise denies the allegations contained in paragraph 42.

43. GreenPoint denies the allegations contained in paragraph 43.

44. GreenPoint denies the allegation contained in the first sentence of paragraph 44. GreenPoint admits only that it made rate sheets available to loan officers and brokers via the intranet and the internet. GreenPoint otherwise denies the allegation contained in paragraph 44.

45. GreenPoint lacks knowledge or information sufficient to form a belief as to what any homeowner may have known regarding finance charges, inasmuch as GreenPoint is not involved in negotiations between homeowners and their brokers. GreenPoint therefore denies those allegations on that basis. GreenPoint admits that it discloses all charges to consumers in accordance with all applicable laws and regulations. GreenPoint otherwise denies the allegations contained in paragraph 45.

46. GreenPoint states, on information and belief, that brokers negotiate fees and rates with a customer and then attempt to locate multiple potential funding sources, many of which may offer differing levels of broker compensation. GreenPoint otherwise denies the allegations contained in paragraph 46.

47. GreenPoint denies the allegations contained in paragraph 47.

48. GreenPoint denies the allegations contained in the first sentence of paragraph 48. GreenPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 48, and thus denies those allegations on that basis.

49. GreenPoint admits that it employed loan officers. GreenPoint otherwise denies the allegations contained in paragraph 49.

50. GreenPoint denies the allegations contained in paragraph 50.

51. Paragraph 51 states a conclusion of law to which no response is required. To the extent a response is required, GreenPoint denies the allegations contained in paragraph 51.

52. GreenPoint denies the allegations contained in paragraph 52.

53. GreenPoint denies the allegations contained in paragraph 53.

54. The first and second sentence of paragraph 54 do not contain any material allegations concerning GreenPoint and, on that basis, GreenPoint does not respond to the statements contained therein. GreenPoint denies the allegations contained in the third sentence of paragraph 54. GreenPoint admits only, on information and belief, that the settlements cited by Plaintiffs in paragraph 54 exist. GreenPoint otherwise denies the allegations made in paragraph 54.

55. GreenPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and thus denies those allegations on that basis. GreenPoint admits only that at the time the Ramirezes applied for a loan through their broker, they identified their residence as 46 Stellman Road, Roslindale, Massachusetts 02131.

56. GreenPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and thus denies those allegations on that basis.

57. GreenPoint admits the allegations contained in paragraph 57.

58. GreenPoint admits only that the Ramirezes' loan was an adjustable rate mortgage ("ARM") loan with a rate of 2.000%, which would adjust on a monthly basis beginning in October 2005, and that the loan had an interest rate limit of 12.000%. GreenPoint otherwise denies the allegations contained in paragraph 58.

59. GreenPoint admits the allegations contained in paragraph 59.

60. GreenPoint admits only that the HUD-1 Settlement Statement indicates that First Call was to be paid a $5,276.25 yield spread premium, $4,690.00 in broker points, and a $500.00 processing fee.

61. GreenPoint denies the allegations contained in paragraph 61.

62. Paragraph 62 references an attachment, and GreenPoint states that the document speaks for itself and that no response is required.

63. GreenPoint denies the allegation contained in paragraph 63.

64. GreenPoint denies the allegation contained in paragraph 64.

65. GreenPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65, and denies those allegations on that basis.

66. GreenPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66, and thus denies those allegations on that basis. GreenPoint admits only that at the time Mr. Salazar applied for a loan through his broker, he identified his residence as 4172 and 4174 51st Street, San Diego, California 92105.

67. GreenPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and thus denies those allegations on that basis.

68. GreenPoint admits the allegations contained in paragraph 68.

69. GreenPoint admits the allegations contained in paragraph 69.

70. GreenPoint admits only that the HUD-1 Settlement Statement indicates that TLN Financial was to be paid a $2,375.00 yield spread premium, a $11,625.00 origination fee, and a $1,290.00 processing fee.

71. GreenPoint denies the allegations contained in paragraph 71.

72. Paragraph 72 references an attachment, and GreenPoint states that the document speaks for itself and that no response is required.

73. GreenPoint denies the allegation contained in paragraph 73.

74. GreenPoint denies the allegation contained in paragraph 74.

75. GreenPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75, and thus denies those allegations on that basis.

## "CLASS ACTION ALLEGATIONS"

76. GreenPoint hereby incorporates by reference, as if fully set forth herein, its answer and responses in paragraphs 1-75 above.

77. GreenPoint admits that Plaintiffs purport to assert claims under the ECOA and the FHA on behalf of a putative class of minority borrowers who obtained mortgage loans funded by GreenPoint. GreenPoint expressly denies that it engaged in any discriminatory conduct and that any class should be certified in this case. GreenPoint denies the remainder of the allegations contained in paragraph 77.

9
Answer to First Amended Complaint

78.    GreenPoint admits that Plaintiffs purport to assert claims on their own behalf and on behalf of a putative class. GreenPoint expressly denies that any class should be certified in this case. GreenPoint denies the remainder of the allegations contained in paragraph 78.

79.    As stated in paragraph 2, *supra*, GreenPoint denies having a "Discretionary Pricing Policy" as described by Plaintiffs. On this basis, GreenPoint denies the allegations contained in paragraph 79.

80.    GreenPoint denies the allegation contained in the first sentence of paragraph 80. GreenPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 80, and thus denies those allegations on that basis. GreenPoint denies the allegation contained in the third sentence of paragraph 80.

81.    GreenPoint denies the allegations contained in paragraph 81.

82.    GreenPoint denies the allegations contained in paragraph 82.

83.    GreenPoint lacks knowledge or information sufficient to form a belief as to the commitment of named Plaintiffs to prosecution of the class claims, and thus denies those allegations on that basis. GreenPoint otherwise denies the allegations contained in paragraph 83.

84.    GreenPoint denies the allegations contained in paragraph 84.

85.    GreenPoint denies the allegations contained in paragraph 85.

## "TOLLING OF STATUTES OF LIMITATION"

86.    GreenPoint denies the allegations contained in the first sentence of paragraph 86. The second sentence of paragraph 86 states a conclusion of law to which no response is required. To the extent a response is required, GreenPoint denies the allegation contained in the second sentence of paragraph 86. GreenPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 86, and thus denies those allegations on that basis.

87.    GreenPoint denies the allegations contained in paragraph 87.

88.    GreenPoint denies the allegations contained in paragraph 88.

89.    GreenPoint denies the allegations contained in paragraph 89.

90. GreenPoint states that it fully complied with all applicable disclosure requirements. GreenPoint otherwise denies the allegations contained in paragraph 90.

91. GreenPoint denies the allegations contained in paragraph 91.

92. GreenPoint denies the allegations contained in paragraph 92.

## COUNT 1 (EQUAL CREDIT OPPORTUNITY ACT)

93. GreenPoint hereby incorporates by reference, as if fully set forth herein, its answers and responses in paragraphs 1 through 92 above.

94. Paragraph 94 states conclusions of law to which no response is required.

95. Paragraph 95 states conclusions of law to which no response is required. To the extent a response is required, GreenPoint denies the allegations contained in paragraph 95.

96. GreenPoint denies the allegations contained in paragraph 96.

97. GreenPoint denies the allegations contained in paragraph 97.

98. GreenPoint denies the allegations contained in paragraph 98.

99. GreenPoint denies the allegations contained in paragraph 99.

100. GreenPoint denies the allegations contained in paragraph 100.

## COUNT 2 (FAIR HOUSING ACT)

101. GreenPoint hereby incorporates by reference, as if fully set forth herein, its answers and responses in paragraphs 1 through 100 above.

102. Paragraph 102 states conclusions of law to which no response is required.

103. Paragraph 103 states conclusions of law to which no response is required.

104. GreenPoint denies the allegations contained in paragraph 104.

105. GreenPoint denies the allegations contained in paragraph 105.

106. GreenPoint denies the allegations contained in paragraph 106.

107. GreenPoint denies the allegations contained in paragraph 107.

## "PRAYER FOR RELIEF"

GreenPoint denies that Plaintiffs and the putative class are entitled to any relief, including but not limited to the relief sought in sub-parts A-I of the "Prayer for Relief."

WHEREFORE, GreenPoint seeks relief in its favor as prayed for herein, including a judgment in its favor, dismissal of this action, an award of costs, an award of reasonable attorneys' fees, and such other and further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, because, among other things: (1) disparate impact claims are not cognizable under the ECOA or the FHA; (2) Plaintiffs fail to allege a disparate impact claim; and (3) the Ramirezes' claims are barred by the statutes of limitation.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, because GreenPoint has not engaged in any discriminatory practices as alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to pursue these claims.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, because Plaintiffs acquiesced in or consented to the acts and omissions alleged in the Complaint, or benefitted from the acts or omissions, and accepted any and all loan terms and conditions agreed to.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, because GreenPoint's loan policies and procedures do not have a disparate impact on minority borrowers.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' disparate impact claims under the ECOA and the FHA are not cognizable as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, to the extent they are based on the acts or omissions of third parties not under the control of GreenPoint.

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred by the statutes of limitation governing the ECOA and the FHA.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed, refused and/or neglected to take reasonable steps to mitigate their damages, if any, thus barring or diminishing any recovery.

**TENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred, in whole or in part, because GreenPoint has committed no act or omission causing damage to Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join indispensable parties.

**TWELFTH AFFIRMATIVE DEFENSE**

Any alleged acts or omissions of GreenPoint that form the basis of Plaintiffs' claims were and are justified by a legitimate business necessity or another legitimate non-discriminatory reason.

**THIRTEENTH AFFIRMATIVE DEFENSE**

This case is not appropriate for certification as a class action, and thus all class allegations should be dismissed.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred, in whole or in part, by waiver, estoppel, release, unclean hands, or other equitable doctrines.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover punitive damages to the extent such damages would violate provisions of the United States Constitution, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred or limited by the defenses available under the FHA and the ECOA, and by additional defenses available under the implementing regulations of the statutes, and GreenPoint hereby reserves its rights to assert any such defenses.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, due to license and permission and by the principle that GreenPoint's conduct cannot be the basis for liability because it was lawful in all respects.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

GreenPoint asserts as a defense each and every ground set forth in its previously filed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which is incorporated by reference.

**NINETEENTH AFFIRMATIVE DEFENSE**

GreenPoint reserves the right to assert any additional or different affirmative defenses in response to the Complaint based on information or knowledge obtained during future discovery or investigation and/or based on the particular circumstances of the class members in the event a class is certified.

WHEREFORE, GreenPoint prays that judgment be entered in its favor, and against Plaintiffs, on all claims; that it be awarded costs, including all reasonable attorneys' fees, and that the Court enter other such relief as the Court deems just and proper.

DATED:  May 28, 2008                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:        /s/ Raoul D. Kennedy
             RAOUL D. KENNEDY
             Attorneys for Defendant
        GREENPOINT MORTGAGE FUNDING, INC.

| | |
|---|---|
| 1 | RAOUL D. KENNEDY (Bar No. 40892) |
| | JOREN S. BASS (Bar No. 208143) |
| 2 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | Four Embarcadero Center, Suite 3800 |
| 3 | San Francisco, California 94111-4144 |
| | Telephone: (415) 984-6400 |
| 4 | Facsimile:  (415) 984-2698 |
| | Email:  rkennedy@skadden.com, jbass@skadden.com |
| 5 | |
| 6 | ANDREW L. SANDLER (admitted *Pro Hac Vice*) |
| | ANAND S. RAMAN (admitted *Pro Hac Vice*) |
| 7 | CAITLIN M. KASMAR (admitted *Pro Hac Vice*) |
| | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 8 | 1440 New York Avenue, N.W. |
| | Washington, D.C.  20005 |
| 9 | Telephone: (202) 371-7000 |
| | Facsimile:  (202) 393-5760 |
| 10 | Email:  asandler@skadden.com, araman@skadden.com, ckasmar@skadden.com |
| 11 | Attorneys for DEFENDANT GREENPOINT MORTGAGE FUNDING, INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANA RAMIREZ, ISMAEL RAMIREZ and JORGE SALAZAR, on behalf of themselves and all others similarly situated, | CASE NO. 08-CV-00369-TEH |
| | CLASS ACTION |
| Plaintiffs, | **PROOF OF SERVICE** |
| v. | |
| GREENPOINT MORTGAGE FUNDING, INC., | |
| Defendant. | |

---

**PROOF OF SERVICE**                                                                                          **CASE NO. 08-CV-00369-TEH**

**PROOF OF SERVICE**

I, the undersigned, declare that: I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the instant case. My business address is 4 Embarcadero Center, Suite 3800, San Francisco, California 94111.

On **May 28, 2008**, I served the following document described as:

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ (BY U.S. MAIL IN THE ORDINARY COURSE OF BUSINESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at San Francisco, California and placed for collection and mailing following ordinary business practices.

☐ (BY FAX) I am readily familiar with the firm's practice of facsimile transmission; on this date the document(s) was transmitted by facsimile transmission and that the transmission was reported as complete and without error and that the transmission report was properly issued by the transmitting facsimile machine.

☐ (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at San Francisco, California and placed for collection and delivery following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 28, 2008**, at San Francisco, California.

| **Pat Owens** | /s/ Pat Owens |
|---|---|
| Type or Print Name | Signature |

-2-

<u>RAMIREZ, et al. v. GREENPONT MORTGAGE FUNDING, INC.</u>
U.S. District Court, California Northern District; Case No. 08-CV-00369-TEH

**SERVICE LIST**

| | |
|---|---|
| Charles Delbaum<br>Stuart T. Rossman<br>National Consumer Law Center<br>77 Summer Street, 10th Floor<br>Boston, MA 02141<br>Telephone: (617) 542-8010<br>Facsimile:  (617) 542-8028 | Attorneys for Plaintiffs |
| Marvin A. Miller<br>Lori A. Fanning<br>Miller Law LLC<br>115 South LaSalle Street, Suite 2910<br>Chicago, IL 60603<br>Telephone: (312) 332-3400<br>Facsimile:  (312) 676-2676 | Attorneys for Plaintiffs |
| Shennan Kavanagh<br>Roddy Klein & Ryan<br>727 Atlantic Avenue<br>Boston, MA 02111-2810<br>Telephone: (617) 357-5500 ext 12<br>Facsimile:  (617) 357-5030 | Attorneys for Plaintiffs |

-2-

**PROOF OF SERVICE**                                   **CASE NO. 08-CV-00369-TEH**

-3-

**SIGNATURE ATTESTATION**

I, Raoul Kennedy, am the ECF User whose ID and password are being used to file this PROOF OF SERVICE.  In compliance with General Order 45, X.B., I hereby attest that Pat Owens has concurred in this filing.

DATED: May 28, 2008     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: ____/s/ Raoul D. Kennedy____
RAOUL D. KENNEDY
Attorneys for Defendant
GREENPOINT MORTGAGE FUNDING, INC.

-3-

PROOF OF SERVICE     CASE NO. 08-CV-00369-TEH