1       IN THE UNITED STATES DISTRICT COURT

2       FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5    ANA RAMIREZ, et al.,

6                            Plaintiffs,                    NO. C08-0369 TEH

7                  v.                                       ORDER RE: HEARING ON
                                                            MOTION FOR PRELIMINARY
8    GREENPOINT MORTGAGE                                    APPROVAL OF CLASS
     FUNDING, INC.,                                         SETTLEMENT
9
                             Defendant.
10

11

12       On December 4, 2009, Plaintiffs filed a motion for preliminary approval of class

13   settlement, which Defendant is not expected to oppose.  After reviewing the moving papers

14   and settlement agreement, this Court has several initial concerns about the adequacy of the

15   agreement reached by the parties.  Counsel shall be prepared to address the following at the

16   January 11, 2010 hearing:

17       1.  What are the estimated costs of administering the settlement?

18       2.  If all of the estimated 96,000 members submitted a claim, then each class member

19   would receive approximately $15.  How can this be characterized as a "substantial financial

20   benefit," as asserted in the moving papers?

21       3.  Why would such a low pay-out be a reasonable settlement in light of the claims

22   alleged in the complaint?

23       4.  How will the foreclosure prevention counseling services work?  Will $75,000 be

24   adequate to fund counseling for the entire class?  Why is it adequate for class members to

25   have access to such counseling only for an unspecified period of time "up to" one year, as

26   provided in the settlement agreement?

27       5.  Is it possible to quantify the risk that a future judgment would not be collectible

28   due to Defendant's financial situation?  In evaluating this issue, should the Court consider

**United States District Court**
For the Northern District of California

1  whether Defendant has any insurance policies from which a settlement or judgment could be

2  paid?

3       6.  Even if there were a high risk that a post-trial judgment would not be collectible

4  and Defendant can only afford to pay a limited amount, why should the Court approve a

5  settlement that allocates to attorneys' fees nearly 45% of the total sum to be paid by

6  Defendant?  Although Plaintiffs state that the agreed upon $1.25 million for attorneys' fees is

7  less than counsel's lodestar, should the Court consider whether use of such a high number of

8  attorneys by Plaintiffs was an efficient use of resources?

9       7.  If the Court ultimately decides not to grant Plaintiffs' motion for preliminary

10 approval of the settlement, would referral to a magistrate judge for a further settlement

11 conference be helpful?

12

13 **IT IS SO ORDERED.**

14

15 Dated:    12/16/09

16                     THELTON E. HENDERSON, JUDGE
   UNITED STATES DISTRICT COURT

*United States District Court*
For the Northern District of California

2