IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA RAMIREZ, et al.,<br><br>                Plaintiffs,<br><br>     v.<br><br>GREENPOINT MORTGAGE FUNDING, INC.,<br><br>                Defendant. | NO. C08-0369 TEH<br><br><u>ORDER GRANTING MOTION<br>FOR PRELIMINARY<br>APPROVAL OF CLASS ACTION<br>SETTLEMENT</u> |

This matter comes before the Court on Plaintiffs' unopposed motion for preliminary approval of the class action settlement agreement ("Agreement") filed with the Court on October 29, 2010. After reviewing the proposed settlement and moving papers, the Court issued an order requiring responses to two questions. The parties timely filed their joint response on December 8, 2010. Having reviewed all of the papers, and in the absence of any opposition, this Court is prepared to grant preliminary approval to the proposed settlement without oral argument. Accordingly, the December 13, 2010 hearing is hereby VACATED, and IT IS HEREBY ORDERED that:

1. Defined terms used in this order shall have the same meaning as set forth in section II of the Agreement.

2. For purposes of this Action, this Court has subject matter jurisdiction and, for purposes of the settlement only, this Court has personal jurisdiction over the parties, including all Settlement Class Members.

3. As provided in paragraph 7.1 of the Agreement, Plaintiffs shall file an amended complaint, the allegations of which shall be deemed denied and disputed by Defendant without need for filing an answer. The amended complaint shall be filed on or before **December 20, 2010.**

4. For the reasons set forth in the Court's July 20, 2010 Order Granting Plaintiffs' Motion for Class Certification, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met for the following Settlement Class: All African-American or Hispanic persons throughout the United States to whom GreenPoint originated a residential-secured loan in GreenPoint's wholesale lending channel between January 1, 2004, and January 1, 2008. This Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(3), and all Settlement Class Members shall have the right to exclude themselves by way of the opt-out procedure set forth below.

5. The Court preliminarily approves the Agreement as being fair, adequate, and reasonable and within the range of possible approval, subject to further consideration at the Final Fairness Hearing as set forth below in paragraph 15.

6. The Court preliminarily finds that Plaintiffs Ana Ramirez, Ismael Ramirez, Jorge Salazar, and Emanuel Fanning fairly and adequately represent the interests of the Settlement Class and therefore designates Plaintiffs as the representatives of the Settlement Class.

7. Pursuant to Federal Rule of Civil Procedure 23(g) and the Court's prior orders, this Court designates the law firms of Roddy Klein & Ryan; Bonnett, Fairbourn, Friedman & Balint, P.C.; and Chavez & Gertler LLP as class counsel. In addition, pursuant to Federal Rule Civil Procedure 23(g), this Court also designates the law firms of Robbins Geller Rudman & Dowd LLP; Barroway Topaz Kessler Meltzer & Check, LLP; and the National Consumer Law Center as counsel for the class.

8. The Court authorizes Plaintiffs and Class Counsel to enter into the Agreement on behalf of the Settlement Class, subject to final approval by this Court of the settlement. Plaintiffs and Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms.

9. The Court approves A.B. Data, Ltd. as Settlement Administrator. The costs of notice and settlement administration shall be paid from the Settlement Fund as described in paragraph 3.4(a) of the Agreement.

10. The Court finds that the notice provision as set forth in section V of the Agreement constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. This Court approves the form and content of the Direct Mail Notices and claim form attached as Exhibits D and E to the Agreement, except that the procedure for filing objections shall be modified. Rather than requiring class members to send objections to three counsel and the Court, counsel shall meet and confer and select one counsel who shall be responsible for receiving all objections. No other notice shall be required.

11. The Court approves the claims procedures set forth in section V of the Agreement. To be treated as valid, claim forms must be postmarked within ninety days of the date of this order.

12. Settlement Class Members may opt out of the Settlement Class by submitting a written request for exclusion by mail to the Settlement Administrator, with a postmark no later than seventy-five days after entry of this order. The request must be personally signed by the Settlement Class Member wishing to opt out and must include: (i) the Settlement Class Member's name, address, and telephone number; (ii) the account number of the Residential Loan(s), if known; (iii) a sentence confirming, under penalty of perjury, that he or she is a Settlement Class Member; and (iv) the following statement: "I request to be excluded from the class Settlement in this case." No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

13. All Settlement Class Members who do not opt out from the Settlement Class pursuant to the above procedure shall be bound by all determinations and judgments in this Action concerning the settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in section IV of the Agreement.

3

14. Any Settlement Class Member who does not opt out from the Settlement Class may object to the Agreement and argue that the proposed settlement should not be approved and/or that Class Counsel's application for attorneys' fees and costs and Plaintiffs' request for service awards should be denied. Objections must be postmarked no later than seventy-five days after entry of this order. Settlement Class Members who file written objections may also appear at the Final Fairness Hearing discussed below in paragraph 15. All objections must include: (i) the objector's name, address, and telephone number; (ii) the account number of the Residential Loan(s), if known; (iii) a sentence confirming, under penalty of perjury, that the objector is a Settlement Class Member; (iv) the factual basis and legal grounds for the objection to the settlement; (v) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; and (vi) copies of exhibits intended to be offered into evidence at the Final Fairness Hearing. Copies of all objection papers must be sent to the designated counsel agreed upon by the parties. The designated counsel shall promptly forward copies of any objections received to all other counsel.

15. The Final Fairness Hearing shall take place before this Court on **April 11, 2011, at 10:00 AM**. At this hearing, the Court will determine: whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, adequate, and reasonable as to the Settlement Class Members and should be approved; whether the Judgment, as provided for in the Agreement, should be entered; the amount of fees and costs that should be awarded to Class Counsel; and the amount of the service awards that should be awarded to Plaintiffs, as provided for in the Agreement. The Court will also hear and consider any properly lodged objections at that time.

16. Class Counsel shall file their application for attorneys' fees and costs on or before **January 31, 2011**.

17. The parties shall file a copy of all objections that have been received, as well as the parties' responses thereto, on or before **March 28, 2011.** By the same date, the parties shall also file a statement that informs the Court of the number of Settlement Class Members who have opted out of the class.

4

18. All proceedings in this Action are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

19. Pending final determination of whether the settlement should be approved, Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively, or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely opt out from the Settlement Class pursuant to paragraph 12 above. This injunction is necessary to protect and effectuate the settlement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

20. Within fourteen days of the date of this order, Defendant shall file proof of the required notifications under 28 U.S.C. § 1915.

21. This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. This Court may approve or modify the settlement without further notice to Settlement Class Members.

**IT IS SO ORDERED.**

Dated:   12/10/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5