BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Andrew S. Friedman (admitted *pro hac vice*)
Wendy J. Harrison (CA SBN 151090)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Tel: (602) 274-1100
Fax: (602) 274-1199
E-mail: afriedman@bffb.com
       wharrison@bffb.com

RODDY KLEIN & RYAN
Gary Klein (admitted *pro hac vice*)
Shennan Kavanagh (admitted *pro hac vice*)
727 Atlantic Avenue
Boston, MA 02111-02810
Telephone: 617-357-5500, ext. 15
Facsimile: 617-357-5030
E-mail: klein@roddykleinryan.com
       kavanagh@roddykleinryan.com

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANA RAMIREZ, ISMAEL RAMIREZ and JORGE SALAZAR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GREENPOINT MORTGAGE FUNDING, INC.<br><br>Defendant. | Case No. 08-cv-00369-TEH<br><br><u>CLASS ACTION</u><br><br>Judge: Honorable Thelton E. Henderson<br><br>Date: April 11, 2011<br>Time: 10:00 a.m.<br>Location: San Francisco<br>       Ctrm. 2, 17th Fl. |

<u>**[PROPOSED]** FINAL APPROVAL ORDER</u>

Plaintiffs, on their own behalf and on behalf of all similarly situated consumers, submitted to the District Court a Motion for Final Approval of the Class Action Settlement ("Motion") seeking final approval of the Stipulation and Agreement of Settlement (the "Settlement"), and the exhibits attached thereto, entered into by and between Plaintiffs and Defendant GreenPoint Mortgage Funding, Inc. ("Defendant" or "GreenPoint"). GreenPoint does not oppose Plaintiffs' Motion.

By Order dated December 10, 2010, the District Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for Settlement purposes only ("Preliminary Approval Order"). On January 31, 2011, Class Counsel filed their application for attorneys' fees, costs and expenses for review by the Settlement Class. Due and adequate notice having been given to the Settlement Class compliant with the procedures set forth in the Settlement and in the Preliminary Approval Order, this Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. This Final Approval Order and Judgment incorporates by reference the definitions in the Settlement, and all terms used herein shall have the same meanings as set forth in the Settlement.

2. This Court has jurisdiction over the subject matter and, for purposes of this Settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and consistent with due process, this Court hereby approves the Settlement and finds that the Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class Members. The Parties are hereby directed to perform its terms.

4. On July 20, 2010, the Court granted Plaintiffs' Motion for Class Certification ("Class Certification Order"). For the reasons set forth in the Court's Class Certification Order, the Court finds that the requirements of Federal Rule of Civil Procedure 23 are met

for the Settlement Class. Based on those findings and the papers filed by the Parties during the course of this case, this Court hereby certifies, solely for purposes of effectuating this Settlement, the following Settlement Class:

> All African-American or Hispanic persons throughout the United States to whom GreenPoint originated a residential-secured loan in GreenPoint's wholesale lending channel between January 1, 2004, and January 1, 2008.

The Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23(b)(3). Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order.

Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3) by way of the opt-out procedures set forth in the Preliminary Approval Order (identified in Exhibit 1 hereto) (the "Opt-Outs"), together with those persons who requested exclusion from the class after the deadline for exclusion but whose opt-outs GreenPoint has agreed to honor (identified in Exhibit 2 hereto) (the "Additional Opt-Outs").

5. For purposes of this Settlement only, this Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs' and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. This Court finds that the Notice provided to Settlement Class Members was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and any other applicable laws.

7. This Court has considered and hereby overrules all objections to the Settlement on their merits.

8. Subject to retention of jurisdiction to enforce the Settlement, this Court hereby dismisses with prejudice the above-captioned action on the merits and without costs, except as otherwise provided in the Settlement.

9. Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, are deemed to have fully, finally and forever released all claims, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute, regulation, contract, common law, equity or otherwise, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as alleged or as could have been alleged based upon the facts asserted in the Amended Complaint as to the Released Party. Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, becomes effective.

10. As of the date of entry of the Preliminary Approval Order, Plaintiffs and Settlement Class Members are deemed to have waived Section 1542 of the California Civil Code and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.

11. By agreement of the Parties, late claims received by the Settlement Administrator on or before the date of this order shall be allowed as if they were timely filed.

12. This Court approves an award to be paid from the Settlement Fund to Class Counsel of 25% of the Settlement Fund totaling $3,687,500, plus actual costs of $425,412.04, and service awards of $8,000 for each original named Plaintiff household and $2,000 for each named Plaintiff household added by amendment (plus interest actually accrued thereon from the date of the Settlement Fund's creation as described in Section 3.4(a) of the Settlement, less a proportionate share of any fees charged by the escrow holder for maintenance of the Settlement Fund). The service awards shall be in addition to any claims Plaintiffs may have to share in the Fund. This Court finds that Class Counsel complied with the requirements the Ninth Circuit set forth in *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010), by allowing class members an opportunity to examine Class Counsel's application for fees and costs prior to the deadline for objecting to the Settlement. This Court, having presided over the above-captioned action, and having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and costs, finds the award appropriate based on the following factors:

    a. The Settlement provides substantial benefits for the class.

  b. The requested award of attorneys' fees and expenses is within the range of reasonable fees for similar class action settlements.

  c. This litigation raised numerous, strongly disputed issues of law and fact, Class Counsel was opposed by highly skilled defense counsel, the litigation was intensely contested through the completion of the Settlement, and there was substantial risk that Plaintiffs would not prevail on some or all of their claims.

  d. The settlement was negotiated at arms' length and there is no evidence of collusion. The settlement was reached with the assistance of a qualified, neutral mediator, and the amount of attorneys' fees, costs, and service awards to be requested was not addressed until after the benefits to class members were resolved.

  e. By receiving payment from a common fund, Class Counsel's interests were fully aligned during the settlement negotiation process with those of members of the Settlement Class, such that Class Counsel had appropriate incentives to maximize the size of the common fund.

  f. The Settlement Administrator shall, accordingly, pay Class Counsel the sum of $3,687,500 in attorneys' fees, plus actual costs of $425,412.04, from the Settlement Fund on the distribution date set forth in the Settlement.

13. This Final Approval Order and Judgment, the Preliminary Approval Order, the Agreement, and any act performed or document executed in furtherance thereof:

  a. Will not be offered or received against the Released Party as evidence of, or be construed as or deemed to be evidence of, any admission or concession by the Released Party as to the truth or relevance of any fact alleged by Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class certification had this Action been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Amended Complaint or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Amended Complaint or in any other litigation, or of any liability, negligence, fault, or wrongdoing of the Released Party;

  b. Will not be offered as or received against the Released Party as evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to the Settlement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement, except that the Released Party may refer to it to effectuate the liability protection granted them thereunder;

  c. Will not be deemed an admission by Defendant that it is subject to the jurisdiction of any California court; and

  d. Will not be construed against Defendant as an admission or concession that the consideration to be given under the Agreement represents the amount which could be or would have been recovered after trial.

 14. The Released Party may file the Settlement and/or this Final Approval Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

 15. Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against the Released Party any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to non-released claims of the Opt-Outs and Additional Opt-Outs.

 16. Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains continuing jurisdiction to implement the Agreement and to modify, interpret, enforce, effectuate and administer the Settlement. Class Counsel are to continue in their role to oversee all aspects of the Settlement. Upon notice to Class Counsel, GreenPoint may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as

may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order and Judgment.

If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order and Judgment, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

**IT IS SO ORDERED.**

Dated:  04/12/11



_____
Honorable _____
United States District Court Judge

Ramirez et al. v. GreenPoint Mortgage Funding, Inc.

Timely Exclusion Requests

|     | Name |
| --- | --- |
| 1.) | Tonya Horton |
| 2.) | Jesus & Teresa Jimenez |
| 3.) | Antonio Cortez Carlos & Roberta De Jesus |
| 4.) | Genara Caussin |
| 5.) | Nessia Jones |
| 6.) | Rita Thomas |
| 7.) | Sampson Woodson Jr |
| 8.) | Sean Calhoun |
| 9.) | Daniel Duenas |
| 10.) | Thelma Bell |
| 11.) | Maria Romero |
| 12.) | Carla Wall |
| 13.) | Elsa Diaz-Alonso |
| 14.) | Jeannette Molano & Angela Bolanos |
| 15.) | Emma Ruddock |

*EXHIBIT 1*

Ramirez et al. v. GreenPoint Mortgage Funding, Inc.

Untimely Exclusion Requests

| | Name |
|---|---|
| 1.) | Bryce Rodriguez |
| 2.) | Louise Owens |
| 3.) | Janet Crittenden |

*EXHIBIT 2*